Argued August 20, affirmed September 27, 1976

STATE OF OREGON, *Respondent,*
*v.*
VICTOR VIRGIL CRACE, JR., *Appellant.*
(No. 22958, CA 6140)
554 P2d 628

*Bryan L. Peterson,* Portland, argued the cause for appellant. With him on the brief were Peterson, Susak & Peterson, P.C., Portland.

*John L. Snyder,* District Attorney, Dallas, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

**FORT, J.**

Defendant appeals from his conviction for criminal mischief in the first degree, ORS 164.365. On November 19, 1975, employes of Wimer Logging Company, Inc., discovered that several pieces of logging equipment had been damaged during the previous night. Most of the damage had been inflicted by bullet shots. Defendant was subsequently charged with the offense and convicted by a jury. ORS 164.365 provides:

> "(1) A person commits the crime of criminal mischief in the first degree if, with intent to damage property, and having no right to do so nor reasonable ground to believe that he has such right, he damages property of another:
>
> "(a) In an amount exceeding $1,000; * * *
> "* * * * *."

Defendant assigns as error that the trial court denied his motion to suppress evidence seized from his driveway, overruled his objection on the grounds of hearsay to testimony as to the amount of damage, and denied his motion to dismiss the charge or reduce it to criminal mischief in the second degree for failure to prove damage in excess of $1,000.

We deal first with defendant's motion to suppress a spent .22 caliber shell casing seized from his driveway by police officers. On November 19, police investigating the crime interviewed defendant at his residence. While standing in his driveway, defendant spoke with the officers and showed them his pickup truck and gun. According to the testimony of the police officer present, when defendant in the process of showing the rifle worked the action a spent shellcasing was ejected, which fell onto the driveway. Defendant did not retrieve it while the officer was present. On November 21, the officers returned to reinterview the defendant and went to the front door. Defendant was not home and, after speaking with his wife, the officer proceeded down the driveway to his patrol car and noticed the

spent casing was still on the driveway in plain view. He picked it up and took it with him to give to the detectives. He had no search or arrest warrant.

Defendant contends that the casing was seized in violation of his Fourth Amendment rights. But as the United States Supreme Court stated in *Katz v. United States,* 389 US 347, 88 S Ct 507, 19 L Ed 2d 576 (1967):

"* * * [T]he Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. [Citations omitted.] But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected. [Citations omitted.]" 389 US at 351-52.

This court, in *State v. Stanton,* 7 Or App 286, 490 P2d 1274 (1971), quoted Mr. Justice Harlan's concurring opinion in *Katz* as helpful in defining the inquiry which must be made:

" "* * * [T]here is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as "reasonable". * * *' 389 US at 361." 7 Or App at 293-94.

If a person does not have a reasonable expectation of privacy in an area, and a police officer has a legitimate purpose in being in that area, observance of any object in plain view does not constitute a search subject to Fourth Amendment protections.

Here the defendant had no expectation of privacy as to the presence of the shell casing on his driveway. The officer had a lawful right to enter upon the regularly traveled route to defendant's home in a proper effort to interview the defendant. It was in this area that defendant had showed the officer his truck and gun. In the officer's presence defendant had worked the action on his gun, causing the casing to be ejected and fall onto the driveway. Defendant did not retrieve the casing at that time or during the officer's presence. Furthermore, defendant made no effort to retrieve or

[ 930 ]

conceal it after the officer left, for two days later the officer found it in plain view in the same area of the driveway where it had been ejected. There was sufficient evidence from which the court could have found that the casing was abandoned property. *Jackson v. Steinberg,* 186 Or 129, 200 P2d 376, 205 P2d 562 (1948). And there was probable cause for the officer to believe that defendant had committed the crime. A truck fitting the description of the defendant's truck had been observed near the scene of the crime at the approximate time of the crime. Furthermore, defendant had stated to the officer during the first interview that he had been in the vicinity of the crime at the time in question and had had a .22 caliber rifle with him. Accordingly, we reject defendant's contention that seizure of the casing was improper. *See: State v. Corbett,* 15 Or App 470, 516 P2d 487 (1973), Sup Ct *review denied* (1974); *State v. Stanton, supra.*

Defendant also assigns as error the trial court's overruling of his objection to testimony on the amount of damage. Lyle Wimer, president and part owner of the Wimer Logging Company, Inc., testified to the nature of the damages to the equipment and the cost of repair. Defendant objected to the testimony on the ground that it was hearsay. His objection was overruled.

Mr. Wimer testified that he did not personally inspect the damaged equipment, but in the regular course of the business he received reports from the vice president and the truck foreman as to what damage had been done and what the estimated or actual cost of repairs made as a result of the damage would be. From these reports he had compiled a breakdown of the repairs and their cost; the total was $1,453.01. He had seen some of the actual bills, but had brought none of the bills to the trial. He testified that he was familiar with the equipment and with the cost of repairing such equipment, and gave his opinion that the costs claimed were reasonable costs for getting the equipment back

in working order, and that some of the estimates had turned out to be lower than the actual repair cost.

Defendant objected to Mr. Wimer's testimony on the ground of hearsay, as it was based upon reports from other personnel.

Mr. Wimer was a qualified witness. An owner who is familiar with his property is competent to testify to its value, as is a nonowner on whom the responsibility for repairs rests. *State v. Albert,* 117 Or 179, 242 P 1116 (1926); *Levene v. City of Salem,* 191 Or 182, 229 P2d 255 (1951). His testimony was relevant; although damage to personal property is generally measured by the difference between its value immediately before and after the injury, an alternative measure is the reasonable cost of repairs to put the property in substantially the same condition it was in prior to the injury. *Murphy v. Hawthorne,* 117 Or 319, 244 P 79, 44 ALR 1397 (1926).

At the time the evidence was offered, defendant objected only on the ground that it was inadmissible hearsay. On appeal, defendant suggests that the evidence violates ORS 41.640, that the contents of a writing be proved by the best evidence, and ORS 44.060, that the witness testified as to facts of which he did not have personal knowledge. Objections to the admission of evidence upon grounds not specified at trial will not be considered on appeal. *Wallender v. Michas,* 256 Or 587, 475 P2d 72 (1970); *City of Hillsboro v. James & Yost,* 240 Or 433, 402 P2d 511 (1965).

At trial, defendant moved for the court to dismiss or, alternatively, to reduce the charge to criminal mischief in the second degree on the ground that the evidence of the amount of damage was insufficient to enable the jury to find beyond a reasonable doubt that property damage had exceeded $1,000. As discussed above, however, no tenable objection to the evidence was made when the evidence was offered. On appeal from a conviction, evidence will be examined in the

manner most favorable to the state. *State v. Bates,* 241 Or 263, 405 P2d 551 (1965). The testimony of one witness, if believed, is sufficient to prove an element of the crime. *State v. Calia,* 15 Or App 110, 514 P2d 1354 (1973), Sup Ct *review denied, cert denied* 417 US 917 (1974). The issues of the credibility of Mr. Wimer and the weight to be accorded estimates of repair cost were questions for the jury. The evidence was sufficient to support the jury's finding that property damage exceeded $1,000.

Affirmed.