**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Norman JACQUITH, Jr., Defendant and Appellant.**

**No. 12338.**

Supreme Court of South Dakota.

Argued Sept. 14, 1978.

Decided Nov. 30, 1978.

Kevin F. Manson, Asst. Atty. Gen., Pierre, on brief, William J. Janklow, Atty. Gen., Pierre, for plaintiff and respondent.

R. J. Krueger, Jr., of Meierhenry, De Vany & Krueger, Vermillion, for defendant and appellant.

MORGAN, Justice.

Appellant was convicted of grand larceny and fourth-degree burglary. He appeals only the grand larceny conviction on the grounds that the jury was not given proper instructions as to intent nor was it properly instructed with respect to the value of the stolen property. We reverse the conviction of grand larceny.

Appellant, Norman Jaquith, Jr., was arrested at the scene by members of the Vermillion Police Department on June 22, 1977, for breaking into a van and stealing a pair of prescription sunglasses. He was charged by a two-count information with burglary in the third degree and with grand larceny. Trial was held before a jury on August 1, 1977, and appellant was found guilty of grand larceny and fourth-degree burglary. Appellant now appeals the grand larceny conviction.

Appellant contends that the trial court erred in refusing to accept and give to the jury his proposed instruction which defines "value" as referring to fair market value for the purpose of determining whether or not appellant committed grand larceny.

■ Appellant was found guilty by the jury of violating SDCL 22–37–1 [1] and 22–37–2.[2] The former statute defines the crime of larceny and the latter statute differentiates between petit and grand larceny. It is well settled that when a statute delineates a specific dollar amount as the differentiation between petit and grand larceny, proof of the value of the item(s) stolen in excess of the statutory amount is an essential element of the crime of grand larceny. *State v. Hayes,* 187 Neb. 325, 190 N.W.2d 621 (1971); *People v. Westman,* 53 Mich.App. 662, 220 N.W.2d 169 (1974); *Cleveland v. State,* Nev., 461 P.2d 408 (1969); *State v. Jones,* 275 N.C. 432, 168 S.E.2d 380 (1969); *People v. Brown,* 36 Ill.

App.3d 416, 343 N.E.2d 700 (1976). Proof of value in excess of the requisite amount is as essential to the prosecution for grand larceny as is the proof of the elements of specific intent, fraud or stealth, and the actual taking of another's property, and the burden is fully upon the State to prove said value beyond a reasonable doubt. *Cleveland v. State, supra; State v. Jones, supra.*

■ It is also well settled that the determination of said value is strictly within the province of the jury. *State v. Aschmeller,* 87 S.D. 367, 209 N.W.2d 369 (1973); *Norman v. United States,* 126 U.S.App.D.C. 387, 379 F.2d 164 (1967); *State v. Spraggin,* 71 Wis.2d 604, 239 N.W.2d 297 (1976); *State v. Walker,* 6 N.C.App. 740, 171 S.E.2d 91 (1969); *State v. Jones, supra.* As the North Carolina Supreme Court stated in *State v. Jones, supra,* 168 S.E.2d at 383:

A plea of not guilty to an indictment charging the felony of larceny puts in issue every essential element of the crime and constitutes a denial of the charge that the value of the stolen property was more than [the requisite amount].

To aid the jury in determining value, the courts have offered various tests for the determination of value as used in statutes distinguishing between petit and grand larceny and other similar statutes involving theft of property. The most widely accepted test is the "fair market value" test. This test provides that the value to be proved is the fair market value at the time and place of the theft. *Stern v. United States,* 204 F.2d 647 (6th Cir. 1953); *Kowalchuk v. United States,* 176 F.2d 873 (6th Cir. 1949); *State v. Hayes, supra; State v. Spraggin, supra; Cleveland v. State, supra; People v. Brown, supra; Spencer v. State,* Fla.App., 217 So.2d 331 (1968); *State v. Logan,* Utah, 563 P.2d 811 (1977).

---

1. SDCL 22–37–1 provides:

 Larceny is the taking of personal property accomplished by fraud or stealth and with intent to deprive another thereof.

2. SDCL 22–37–2 provides:

 Grand larceny is larceny committed in any of the following cases:

(1) When the property taken is of a value exceeding fifty dollars;
(2) When such property, although not a value exceeding fifty dollars, is taken from the person of another;
(3) When such property is livestock.
Larceny in other cases is petit larceny.

 Appellant submitted, and the trial court rejected, a proposed jury instruction which stated, in essence, the "fair market value" test.[3] Appellant contends that the trial court's rejection of the proposed instruction was error. The State's proposed instruction on value, using the "replacement value" test as the proper test, was also rejected by the court. The State, on appeal, contends that there is "no market" for prescription sunglasses and thus a fair market value cannot be ascertained and a different test should be used. In looking to the case law of other jurisdictions that use the "fair market value" test, it is apparent that they do indeed, upon a showing that there is no market for a particular item of stolen property, allowed another test to be used. However, the burden is upon the prosecution to affirmatively prove that there is "no market" for the item(s) as a prerequisite to allowing the use of any other test. The prosecution in this case neither alleged nor submitted evidence that no market existed for used prescription sunglasses.

The jury's determination of whether or not the value of the sunglasses stolen exceeded $50.00 is crucial. The maximum sentence for grand larceny is ten years in the state penitentiary, while the maximum sentence for petit larceny is thirty days in the county jail. The former is a felony, the latter is a misdemeanor. It cannot be said that the determination of value in this case is of little consequence. Since the jury was given separate instructions on petit larceny and grand larceny, it is only reasonable that they be given some guidance in determining the distinction between the two crimes.

This court has not had previous occasion to decide which test shall be used for determining "value" in theft or larceny cases such as this, but we find the decisions of those courts that have adopted the "fair market value" test to be sound and well reasoned. Therefore, we adopt the "fair market value" test as herein stated for use in the courts of this state. Further, when it is contended that a stolen item has no fair market value because no market exists for that item, the burden shall be upon the prosecution to affirmatively prove that no market exists and that a different test should be used. If it is determined that no market exists from which a fair market value could be ascertained, then the jury may properly use the "replacement value less depreciation" test. *Shaffer v. Honeywell, Inc.*, S.D., 249 N.W.2d 251 (1976).[4]

 The evidence in the record pertaining to the value of the sunglasses is minimal. The glasses were prescription glasses which had been converted to sunglasses by the addition of colored coating after use in their original condition for about a year and a half. They had various pits or chips in the lenses from a burning torch. The owner of the sunglasses stated that his personal feeling was that they were worth $70.00 or $80.00 and an optometrist called by the state testified that the current replacement cost would be "in the neighborhood of $75.00," but the optometrist further testified that considering their condition it was questionable whether they would meet

---

3. In *Cleveland v. State, supra*, the court used the following instruction to define "fair market value" for the jury:

 'When the value of property alleged to have been taken by theft must be determined, the reasonable and fair market value at the time and in the locality of the theft shall be the test. [Fair market] value is the highest price, estimated in terms of money for which the property would have sold in the open market at that time and in that locality, if the owner was desirous of selling, but under no urgent necessity of doing so, if the buyer was desirous of buying but under no urgent necessity of doing so, if the seller had a reasonable time within which to find a purchaser, and if the buyer had knowledge of the character of the property and of the uses to which it might be put.'

 South Dakota Pattern Jury Instruction 3–7–602a which was added to the South Dakota Pattern Jury Instructions on October 1, 1977, is identical to the instruction in *Cleveland.*

4. In *Shaffer, supra*, we state this test as "original cost or replacement cost adjusted by a percentage for depreciation varying with the age and condition of the property." (249 N.W.2d at 258). Although that case presents a different fact situation, we consider its statement of this test to be accurate.

OSHA industrial safety standards. It is certainly conceivable that the jury would have concluded, under proper instruction, that the value of the sunglasses was below $50.00. Accordingly, we reverse the conviction and remand for new trial.

In the light of our remand for new trial, we comment on two other points of alleged error so that the same might not arise upon retrial.

 The first is with respect to the court's instructions on intent. One instruction dealt with general intent and another with specific intent with respect to the crime of burglary. Larceny is, of course, a crime requiring specific intent and the jury should be so instructed. The instruction on general intent could indeed be misleading and, as the South Dakota Pattern Jury Instructions admonish, should not be given when the jury is instructed on specific intent.

 The second is the introduction into evidence of testimony of a police officer that the police department had received a call about someone "going through cars" on Main Street. Appellant contends that this statement constitutes hearsay and was a device of the prosecutor to get prejudicial information before the jury which would not otherwise be admissible. He further contends that the hearsay testimony was prejudicial to his case and constituted reversible error.

While testimony which is not offered to prove the truth of the matter asserted is not hearsay,[5] the fact that the prosecutor mentioned it in both opening and closing arguments, in addition to eliciting it from the officer on direct examination, destroys any appearance of innocent mistake or absolute good faith, and lends credence to appellant's argument. The State argues that if admission of such testimony was error, it was harmless. We disagree. As the court stated in *State v. Webb,* S.D., 251 N.W.2d 687, 689 (1977):

> Every practicing attorney knows that where a prejudicial and improper ques-

tion, such as the one here, is asked for the sole purpose of conveying to the jury information that counsel knows or should have known is excludable by the rules of evidence it is pure fiction to suppose that the damage done is eradicable by objection and/or cautionary instructions.

We trust that on retrial such error will not be permitted again.

We have considered appellant's other contentions and find them without merit.

The conviction of grand larceny is reversed and the case is remanded for a new trial.

All the Justices concur.

---

5. South Dakota Rules of Evidence, Rule 801(c).