Argued October 16, reversed December 11, 1978

POWELL, *Respondent,*
*v.*
HARTMAN, *Appellant.*
(No. CI 77-10225, CA 11424)
587 P2d 506

James K. Kocher, Eugene, argued the cause and filed the brief for appellant.

Thomas E. Flaherty, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

This was a negligence action for property damaged arising out of an automobile collision. From the resulting judgment for plaintiff, defendant appeals, making three assignments of error. In view of the disposition we make of the case, we are only required to address the first one.

We reverse.

The parties agree to the pertinent facts. This action arises out of a collision in Corvallis on August 13, 1976, between a 1974 Capri owned by plaintiff and operated by plaintiff's daughter, Lou Anne Powell, and a 1974 Pontiac owned and operated by defendant. Plaintiff filed a complaint alleging the collision was caused by the negligence of the defendant and seeking $1,000 damages for depreciation in the reasonable value of his vehicle.

The case was tried by jury. The plaintiff presented testimony by a mechanic, Henry Tinner, who testified that he made repairs to the plaintiff's vehicle, that the repairs were necessary and that the cost of the repairs was reasonable, but he did not state the cost of the repairs. The plaintiff then presented testimony by his daughter, Lou Anne Powell, who had been driving his car at the time of the collision. She testified it was undamaged prior to the collision and that it was depreciated "around $1,000" as a result of the collision. On cross examination, Lou Anne Powell admitted that she did not know the fair market value of the vehicle nor the mileage on the vehicle. At the close of the evidence, defendant moved for a directed verdict on the ground that the plaintiff's evidence of damages was insufficient for the jury; the motion was denied.

■ The cost of repairs may be sufficient to establish the diminution in the fair market value of a damaged item if the plaintiff's proof establishes (1) that the repairs were necessary as a result of the defendant's wrongful act and (2) that the cost of repair was

[ 457 ]

reasonable. Here, plaintiff's mechanic testified that the repairs were necessary and that the charges were reasonable, but he failed to testify as to the cost of repair. Therefore, the testimony of the mechanic did not establish damages.

■ An owner is competent to give an opinion as to the diminution in the fair market value of his chattel unless it is shown upon cross examination that he has no knowledge of a fair market value in spite of his ownership. *Richmond v. Fields Chevrolet Co.,* 261 Or 186, 493 P2d 154 (1972); *Osborn v. Teague Chevrolet,* 254 Or 486, 489, 459 P2d 988 (1969); *Lewis v. Worldwide Imports, Inc.,* 238 Or 580, 395 P2d 922 (1964). In this case, the witness was not the owner. Moreover she admitted on cross examination that she had no knowledge of the fair market value of the vehicle prior to the accident, nor did she know its mileage. It is generally held that, where a person other than the owner is called to testify concerning the extent of a loss, a foundation must be laid on direct examination to show that he or she is competent to testify as to the fair market value of the chattel. *Townely v. Oregon Railroad Company,* 33 Or 323, 54 P2d 150 (1898). Although Lou Anne Powell indicated she was familiar with the condition of the vehicle prior to the accident, she did not indicate any special knowledge, skill, experience or training which would qualify her as competent to testify as to the fair market value of the vehicle.

Plaintiff acknowledges that the only actual testimony as to value came from Lou Anne Powell. He argues, however, that where personal property is of such general use that persons of ordinary intelligence ought to be able to give a fair estimate of its worth, it is not necessary that a witness be qualified as an expert in order to give an opinion as to its value. He cites *Dakin v. Queen City Fire Insurance Co.,* 59 Or 269, 117 P 419 (1911), where it was held that it was not error to permit a lay witness to testify as to the value of certain shelving, counters and showcases burned in

a fire. Defendant cites the much later case of *Lewis v. Worldwide Imports, Inc., supra.* In that case, as here, the issue was the value of an automobile. In that case, as here a witness testified on direct examination as to her opinion of the value of a car, but testified on cross examination that she had no personal knowledge of the market value of automobiles. A distinction between *Lewis* and this case, however, was the fact that the *Lewis,* witness was an owner of the car. Moreover, in *Lewis,* unlike the present case, another witness—whose competency was otherwise established—had testified as to the same value. The court said,

> "* * * [A]n owner is a competent witness unless it is shown that he has no knowledge of the market value of his property in spite of his ownership. (Footnote omitted.)" *Id.,* 238 Or at 587.

In *Lewis,* the court turned an apparent categorical denial by the witness of any knowledge of "market" values into a mere question of testimonial weight. This appears to have been possible because (1) the witness was a co-owner, (2) the witness had observed other auto sales transactions and (3) the witness' co-owner—her father—gave corroborative competent testimony. *See Richmond v. Fields Chevrolet Co., supra; Osborn v. Teague Chevrolet, supra.* Those factors are not present here. We conclude that the plaintiff here failed to provide any probative evidence of diminution of "market" value of the car as a result of the accident. Diminution of market value is the standard. *Lewis v. Worldwide Imports, Inc., supra.* It follows that the trial court erred in refusing to direct a verdict for defendant on the issue of damages.

Reversed.