Submitted November 5, 2018; reversed and remanded for resentencing, otherwise affirmed December 4, 2019; petition for review allowed April 23, 2020 (366 Or 382)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEX AGUIRRE-RODRIGUEZ,
*Defendant-Appellant.*

Marion County Circuit Court
16CR60858; A165704

455 P3d 997

Defendant pleaded guilty to crimes arising out of his driving into a pickup truck while intoxicated. On appeal, defendant assigns error to the trial court's imposition of $10,404.80 in restitution for the cost of repairing the truck. Defendant argues that the record contains insufficient evidence that those repair costs were reasonable, as required by ORS 137.106 and ORS 31.710(a). The state responds that the Court of Appeals should adopt a relaxed standard of proof for reasonableness in restitution hearings and that, in all events, evidence that the insurer paid the repair bill is sufficient to establish that the charges were reasonable. *Held*: Evidence that an insurer paid a car-repair bill is insufficient to support a finding that the amounts paid were reasonable. *See State v. J. M. E.*, 299 Or App 483, 451 P3d 1018 (2019).

Reversed and remanded for resentencing; otherwise affirmed.

Rafael A. Caso, Judge pro tempore.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Haselton, Senior Judge.

LAGESEN, P. J.

Reversed and remanded for resentencing; otherwise affirmed.

## LAGESEN, P. J.

Appealing a judgment of conviction for one count of failing to perform the duties of a driver to injured persons, ORS 811.705; two counts of fourth-degree assault, ORS 163.160; and one count of driving under the influence of intoxicants, ORS 813.010, defendant assigns error to the trial court's imposition of $10,404.80 in restitution for the cost of repairing a pickup truck that defendant damaged in the course of his crimes. Defendant contends that the record contains insufficient evidence that those repair costs were reasonable, as required by ORS 137.106 (allowing for restitution of "economic damages") and ORS 31.710(a) (providing that "economic damages" for property damage consist of "reasonable costs incurred for repair or for replacement of damaged property, whichever is less"). On review for legal error, *State v. Campbell*, 296 Or App 22, 26, 438 P3d 448 (2019), we agree with defendant and, accordingly, reverse and remand for resentencing.

The relevant facts are, in the main, procedural and are not disputed. Defendant, while intoxicated, drove into a pickup truck, damaging the truck and injuring two people. He then fled the scene. For that conduct, defendant pleaded guilty to the charges identified above. The state sought restitution for the amount that the victim's insurer paid to repair the damaged truck—$10,404.80.[1] In support of the claim, the state submitted documentary evidence of (1) the Bluebook value of the truck, assuming "excellent condition" ($9,761); (2) photographs of the truck following the accident; (3) a repair estimate from an autobody shop of $10,904.80; and (4) evidence that defendant's insurer paid $10,404.80 to repair the truck. The state called no witnesses to testify in support of the restitution award and introduced no evidence addressing how the charges to repair the truck related to the usual and customary costs for such repairs. Defendant argued that the evidence presented was insufficient to establish that amounts sought for the repairs were reasonable. The trial court rejected that argument, reasoning that the costs of repairs were reasonable because they exceeded

---

[1] The court imposed additional amounts of restitution for other damages; defendant does not contest those amounts.

the Bluebook value of the truck by only a $1,000 or so and awarded the requested restitution, payable to the victim's insurer that had paid for the repairs. Defendant appealed.

On appeal, defendant argues that the state's evidence here is insufficient to establish the reasonableness of the repair costs. For that point, he relies largely on *State v. McClelland*, 278 Or App 138, 372 P3d 614, *rev den*, 360 Or 423 (2016), in which we held that a medical bill alone is not sufficient to establish that medical charges are reasonable. The state argues that we should not "extend" the *McClelland* holding—that a bill alone does not establish the reasonableness of the charges—outside of the medical context. The state argues further, relying on cases from other jurisdictions, that it is inferable from the fact that a bill is paid that the amounts billed are reasonable and that this is not a *McClelland* case at all. The state also argues that restitution proceedings are different from civil tort actions and that, in its view, that difference should allow for a more relaxed standard for proving reasonableness.

Although the state is right that *McClelland* turned on a body of case law addressing the reasonableness of medical charges, the principle underlying that case law is more universal: The fact that a charge is billed, standing alone, says nothing about whether that charge is reasonable. To know whether a charge is reasonable, a factfinder must have some sense of the relevant market. *See Campbell*, 296 Or App at 30-32 (concluding that charges for medical services are reasonable if they are at or below market rate); *see also Farris v. McCracken*, 253 Or 273, 453 P2d 932 (1969) (explaining that bills alone were not sufficient to establish "open market selling price" of materials and services supplied by contractors). The Supreme Court made this point in *Farris* in explaining why the plaintiffs' evidence was not sufficient to prove the reasonable value of the materials and services for which they were seeking payment:

> "Plaintiffs' assertion that their only failure was to offer self-serving declarations as to the reasonable value of their labor and materials misses the mark. Certainly, a prime purpose of requiring testimony as to reasonable value is not merely to hear some witness say that. It is intended

> that such evidence will give veracity to the claims being made. A charge stated in a bill that a plumber or carpenter spent [a] number of hours on the job may be of some evidentiary value. But when challenged by a denial it falls short of persuasive character of evidence needed to convince a trier of the fact that the charge made is justified and accurate."

253 Or at 276.

We allow there may be situations where it is appropriate for a factfinder to rely on common sense and practical experience with a relevant market to determine whether a particular charge is reasonable; we are not prepared to say that this is such a situation. Indeed, Oregon law long has required the presentation of affirmative evidence that automobile repair costs were reasonable. *See Powell v. Hartman*, 37 Or App 455, 457-58, 587 P2d 506 (1978); *State v. Crace*, 26 Or App 927, 931-32, 554 P2d 628 (1976). Although that evidence need not necessarily come from experts in all circumstances, it must be presented. *See Crace*, 26 Or App at 932 (indicating that a property owner, at least in some circumstances, is competent to testify to the diminution in value of the owner's property, as well as to the reasonableness of any repair costs). We have located no case holding that a bill for automobile repair costs, standing alone, suffices to show that the costs were reasonable ones.

The question remains, however, as to whether the additional evidence presented by the state below—namely, the evidence that the insurance company paid the bills—is sufficient to support a finding that the charges were reasonable. We conclude that it is not, in view of our recent decision in *State v. J. M. E.*, 299 Or App 483, 487, 451 P3d 1018 (2019). There, we concluded that there was insufficient evidence that medical charges were reasonable—even though those charges had been paid—because there was no evidence allowing for a finding about how those paid charges corresponded to the relevant market. *Id.* at 488. Although *J. M. E.*, like *McClelland*, was a case involving the reasonableness of charges for medical expenses, the predicate of its holding— that the payment of a charge does not show how that charge is tied to the market—applies with equal force here. The Supreme Court recognized this point as well in *Farris*:

"To say that the contractor paid a given amount for an item of labor or material, without explanation, does not, of itself, prove that the amount paid was justified. For example, in *Cline v. Shell*, [43 Or 372, 380-81, 73 P 12 (1903)], the issue was the value of hardware used in a building. Plaintiff Cline produced two witnesses with long experience in the hardware business. These witnesses had given detailed statements of wholesale costs, the customary amount of mark-up above wholesale costs and expressed opinions based on the facts that the costs and charges made in that case were reasonable. The evidence, as reported in the opinion, demonstrated the basis of the costs and why they were reasonable."

253 Or at 276. Thus, we reject the state's argument that the evidence presented about payment is sufficient to support a finding that the paid repair costs were reasonable.

The state's remaining argument is that we should adopt a relaxed standard of proof for the reasonableness of claimed property damages in the context of restitution hearings. That argument does not advance the state's case. Even if a relaxed standard might be appropriate in the context of restitution hearings (although it is not clear why that would be the case or how it would operate), the problem for the state in this case is that there is *no* evidence about how the charges at issue correlated with market rates. In other words, there is no evidence speaking to reasonableness.

In sum, the evidence presented by the state does not allow for an inference that the challenged repair costs were reasonable because that evidence does not provide any meaningful basis for assessing how those costs correspond to the relevant market, and this is not a case in which the relevant market is such that the evidentiary deficit may be supplied by the common sense and practical experience of the factfinder. The state thus failed to prove that the requested repair costs were reasonable. In view of the state's failure of proof, the trial court erred in awarding restitution for the repair costs.[2]

---

[2] The state does not argue on appeal that the trial court was correct to rely on the evidence of the Bluebook value of the truck to support a finding that the repair costs were reasonable. In all events, the evidence of the value of the truck is not probative of what might be a reasonable charge for automobile repair

Reversed and remanded for resentencing; otherwise affirmed.

---

services, although it might bear on whether diminution-in-value damages might be a more appropriate metric than repair costs for measuring the victim's economic damages.