Submitted March 31; supplemental judgment reversed and remanded, otherwise affirmed April 29, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEREMIAH BEAU CRUSE,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR65012; A168900

466 P3d 715

Kathryn L. Villa-Smith, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Supplemental judgment reversed and remanded; otherwise affirmed.

## PER CURIAM

Defendant was convicted of second-degree criminal mischief based on his damaging the property of a school. In a supplemental judgment, the court ordered defendant to pay $1,178 in restitution for the property damage. Defendant challenges only the award of restitution in the supplemental judgment in four assignments of error.[1] We agree with defendant on his fourth assignment of error that the state's restitution evidence was legally insufficient to establish that the amount sought was "reasonable," as required by ORS 137.106 and ORS 31.710(2)(a). We do not reach defendant's remaining assignments of error.

The state presented evidence in support of restitution through the testimony of a risk specialist who works in the risk management department for the school district. He testified that the school's facility manager submitted a work order to replace three damaged windows. The risk management department approved the work to be completed by a glass company and paid that company's bill, which totaled $1,178.

In *State v. Aguirre-Rodriguez*, 301 Or App 42, 44-46, 455 P3d 997 (2019), we concluded that evidence of a repair-shop bill for automobile repair costs and evidence that the victim's insurer had paid that bill was not sufficient to establish that the amount paid was reasonable for purposes of restitution. Similarly, here, the state did not present evidence of the reasonableness of the cost to replace the damaged windows, having only presented testimony that the school district paid the amount that the glass company billed for the work. That evidence is legally insufficient under *Aguirre-Rodriguez*.

Supplemental judgment reversed and remanded; otherwise affirmed.

---

[1] Defendant also appeals from the general judgment of conviction. However, he has not assigned any error that challenges that judgment on appeal. We thus otherwise affirm that judgment.