Submitted October 2, affirmed December 2, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BROOKE LEE McKERRALL,
*Defendant-Appellant.*

Yamhill County Circuit Court
19CR24106; A171497

478 P3d 1019

Defendant challenges the sentencing court's imposition of $750 in restitution for economic damages related to her second-degree criminal mischief conviction. Defendant argues that the state's failure to produce evidence sufficient to establish the reasonableness of economic damages recoverable as restitution was plain error. The state concedes that the sentencing court plainly erred and that this court should exercise its discretion to correct the error. *Held*: Although the parties were correct to point out that the evidence supporting the restitution awarded was legally insufficient, defendant's apparent encouragement of the restitution awards compelled against exercising discretion to correct the plain error.

Affirmed.

Ladd J. Wiles, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Belais, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Affirmed.

## ARMSTRONG, P. J.

Defendant, convicted of one count of second-degree criminal mischief (and two counts of violating a stalking protective order), challenges the sentencing court's imposition of $750 in restitution for economic damages related to the criminal mischief conviction. ORS 137.106 (restitution must be awarded to victims for economic damages resulting from crimes of which a defendant has been convicted). Defendant argues that the state's failure to produce evidence sufficient to establish the reasonableness of economic damages recoverable as restitution was plain error and asks us to exercise our discretion to correct it. ORAP 5.45(1). The state concedes that the sentencing court plainly erred and that we should exercise our discretion to correct the error. We do not accept the concession. That is because, although we agree with the parties that the evidence supporting the restitution awarded was legally insufficient, defendant's apparent encouragement of the restitution awards compels us not to exercise our discretion to correct the plain error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (even if error meets test for plain error, "the appellate court must exercise its discretion to consider or not to consider the error"); *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007) (when exercising *Ailes* discretion, an appellate court may consider, among other factors, the defendant's apparent encouragement of the judge's choice). We therefore affirm.

The following facts are not in dispute. Defendant's criminal mischief conviction was based on defendant slashing the soft top of a Jeep belonging to the victim, who had been having an affair with defendant's husband. At defendant's bench trial, the victim testified to the cost estimate of $1,545.50 that she had received from an insurance company for repair of the soft top and replacement of the Jeep's tires, which also had been slashed, but could not say how much of the insurance estimate was attributable to the tires and how much to the soft top. The victim also said that she had paid a $250 deductible and, because the insurance company did not pay for the entire repair, she had paid out-of-pocket $175 for the tires and $130 for the soft top. Because the trial court could not find beyond a reasonable doubt that the victim was responsible for slashing the tires, and therefore could not

find that defendant had caused greater than $1,000 in economic damage to support the first-degree criminal mischief charge, the court found defendant guilty of a lesser-included second-degree criminal mischief offense.

At the sentencing hearing, the state requested $750 in restitution, with the prosecutor stating that the victim had reported that the soft top had cost her $500 and that she had paid a $250 deductible. For defendant's part, defense counsel explained that her client had no employment and no financial resources and that she was not in a position to "pay a lot of extra fines and fees." However, defendant did "understand that *** restitution is a priority, and she'll makes sure that it gets taken care of." The court asked defense counsel:

> "[A]s you've said, *** the focus should be on the restitution, and so I wanted to clarify that. The restitution was just for the deductible and the soft top repairs. Do you have any objection to the 750?"

Defense counsel answered, "No, Your Honor." The court suspended the imposition of a jail sentence and sentenced defendant to 24 months of supervised probation for the criminal mischief conviction. The court also waived any further financial obligations, given that defendant's ability to pay was limited and that "priority should be given to pay for the restitution." The court awarded $750 in restitution to the victim.

On appeal, defendant relies on *State v. Aguirre-Rodriguez*, 301 Or App 42, 455 P3d 997 (2019), *rev allowed*, 366 Or 382 (2020), to assert that the state's evidence on restitution was insufficient to establish that the economic damages recoverable as restitution included "objectively verifiable monetary losses including *** reasonable costs incurred for repair or for replacement of damaged property, whichever is less." ORS 31.710(2)(a). In *Aguirre-Rodriguez*, we said that a bill for automobile repair costs, along with evidence that the bill was paid, is insufficient to establish that the costs were "reasonable," as ORS 31.710(2)(a) requires. 301 Or App at 44. "[T]he fact that a charge is billed, standing alone, says nothing about whether that charge is reasonable." *Id*. That is, the state in that case was required to present supporting

evidence regarding the relevant market for the automobile repair to establish reasonableness. *Id*. Similarly, in this case, defendant asserts that the state was required to submit more than just the insurance estimate for repairs and the victim's testimony about her out-of-pocket expenses. As in *Aguirre-Rodriguez*, defendant contends, the state was required to introduce evidence regarding the relevant market rate for repairing a Jeep soft top.

The state responds that the problem with its restitution evidence was that there appears to be no factual basis for the $750 award. The victim testified that she had paid a total of $380 for the soft top repair—$130 out-of-pocket and her $250 deductible. Given that the state did not establish what portion of the insurance repair estimate was attributable to the soft top and that trial court found that the state had failed to prove defendant damaged the Jeep's tires, the state acknowledges that it failed to establish that the *particular* amount of restitution awarded was supported by the record—*viz*., the $500 figure announced by the prosecutor at sentencing was unsupported by the victim's testimony. Therefore, the state explains, the deficiency of its evidence is the same kind of deficiency that we identified in *State v. Morgan*, 274 Or App 161, 359 P3d 1242 (2015). In that case, the victim testified that his economic damages were "over $1,000." *Id*. at 162. Yet the victim sought $7,000 in damages and the state requested a modified restitution of $3,000, to reflect the figures for which there was testimony at trial. *Id*. Because neither figure was rationally tethered to the particular amount of economic damages adduced by the state, we held that the court plainly erred in ordering $3,000 in restitution. *Id*. at 165.

Here, we agree with the state that the court plainly erred in awarding $750 for the reason we identified in *Morgan*. The particular figure—$500—represented by the prosecutor as the victim's out-of-pocket expense was not supported by evidence in the record.[1] That conclusion, however, does not end our plain-error analysis. We must decide

---

[1] In the state's view, because the victim's testimony did not support the $750 amount and imposing restitution in that amount was plain error under *Morgan*, we need not reach whether the court plainly erred under our holding in *Aguirre-Rodriguez*.

whether the plain error merits exercising our discretion to correct it. *Ailes*, 312 Or at 382. And, in that respect, it is largely understandable, given our practice of correcting plainly erroneous restitution awards, that the state would agree with defendant that we should exercise our discretion to correct the plain error. *See State v. Benz*, 289 Or App 366, 371-72, 409 P3d 66 (2017) (noting that "we have consistently exercised discretion to correct plain errors in restitution awards, even where a defendant's objection below was vague or nonexistent"). In exercising our discretion to correct plain restitution errors, we have rejected the state's contention that the "policies behind the general rule requiring preservation" outweigh other *Ailes* factors (for example, the gravity of the error and the ends of justice in the particular case). *Benz*, 289 Or App at 372 ("Principles of judicial efficiency weigh against our 'review in nearly all cases where review of unpreserved issues [is] under consideration'; thus, that factor often offers little useful guidance." (quoting *State v. Reynolds*, 250 Or App 516, 525, 280 P3d 1046 (2012)); *Morgan*, 274 Or App at 166 (rejecting as unlikely the state's contention that we should not exercise plain-error discretion because, had the defendant objected below, the state could have developed an adequate record to support the restitution amount).

In this instance, however, there is one factor that the Supreme Court has identified concerning the exercise of *Ailes* discretion that counsels against exercising our discretion to correct the plain error: a defendant's apparent encouragement of the sentencing court's choice. *Fults*, 343 Or at 523.[2] At the sentencing hearing in this case, defense counsel made it clear that her client "understand[s] that * * * restitution is a priority, and she'll makes sure that it gets taken care of." Further, defendant understood that she was facing the possibility of three minimum misdemeanor

---

[2] In *Fults*, the Supreme Court rejected this court's reason for exercising plain-error discretion to correct an error in imposing a concurrent sentence ("The state has no valid interest in requiring defendant to serve an unlawful sentence.") by applying other factors: "(1) defendant's apparent encouragement of the judge's choice; (2) the role of the concurrent, permissible 36-month probationary sentence; (3) the possibility that defendant made a strategic choice not to object to the sentence; and (4) the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings." 343 Or at 523.

fines, ORS 137.286(1) ($100 fine for a misdemeanor conviction)—and that the sentencing court had discretion to waive them, ORS 137.286(3) (a sentencing court may waive ORS 137.286 minimum fines if it finds that requiring payment of the fines "would be inconsistent with justice"). It is evident that defendant made it known to the sentencing court that she wished to make amends, to the extent that she could, by recompensing the victim for economic damages that she had caused by slashing the victim's Jeep soft top, and that she sought leniency from the court for other fines or fees that the court had authority or discretion to impose.

Consequently, it is clear to us that, when the sentencing court asked defense counsel if defendant had any objection to the $750 restitution amount and defense counsel responded that there was no objection, both the court and defendant understood that restitution was the priority and that defendant was neither going to take issue with the particular amount of $750, *Morgan*, 274 Or App at 162, nor require the state to present some evidence of market rates for soft top repair, *Aguirre-Rodriguez*, 301 Or App at 44. Indeed, that understanding was obvious when the court said, in ordering the restitution amount, that priority was being given to restitution and that it was waiving any other financial obligations that it could impose.

Because the sentencing court imposed the restitution amount with the encouragement of defendant, we decline to exercise our discretion to correct the error. In this case, defendant's apparent encouragement of the restitution award outweighs other factors that would otherwise support exercising our discretion to correct the error. *See, e.g.*, *State v. Martinez*, 250 Or App 342, 344, 280 P3d 399 (2012) (exercising our discretion to correct $273 restitution award to an insurance company unsupported by evidence because the "the interests of justice militate against requiring a defendant to pay an obligation that is totally unsubstantiated by the record").

Affirmed.