Argued and submitted September 25, 2020; decision of Court of Appeals reversed, judgment of circuit court affirmed March 4, 2021

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## ALEX AGUIRRE-RODRIGUEZ,
*Respondent on Review.*

## (CC 16CR60858) (CA A165704) (SC S067446)

482 P3d 62

Defendant pleaded guilty to several charges that had resulted in damage to the victim's pickup truck, and the trial court ordered him to pay restitution for the cost of repairing the truck. Defendant appealed the restitution award, arguing that the state did not present sufficient evidence to establish that the cost to repair the victim's truck was reasonable. The Court of Appeals agreed with defendant and reversed. *Held*: The state presented sufficient evidence, when considered collectively, to support the trial court's determination that the cost to repair the victim's truck was reasonable.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.

En Banc

On review from the Court of Appeals.*

Colm Moore, Assistant Attorney General, Salem, argued the cause and filed the briefs for petitioner on review. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, Salem, argued the cause and filed the brief for respondent on review. Also on the brief was Ernest G. Lannet, Chief Defender.

Ashley L. Vaughn, Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

Rosalind M. Lee, Eugene, filed the brief for *amicus curiae* Oregon Criminal Defense Lawyers Association.

_____

* On appeal from Marion County Circuit Court, Rafael Caso, Judge. 301 Or App 42, 455 P3d 997 (2019).

NELSON, J.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.

**NELSON, J.**

In this criminal case, defendant pleaded guilty to several crimes that resulted in damage to the victim's truck. After the state presented evidence of a repair bill paid by the victim's insurer, the trial court ordered defendant to pay restitution for the full amount of that bill, pursuant to ORS 137.106. Defendant appealed, arguing that the restitution award was not supported by sufficient evidence to prove that the amount charged had been reasonable. The Court of Appeals agreed with defendant and reversed. *State v. Aguirre-Rodriguez*, 301 Or App 42, 43, 455 P3d 997 (2019). For the reasons that follow, we conclude that the state presented sufficient evidence to support the trial court's finding that the amount that the victim's insurer paid for repairs was reasonable. The trial court therefore did not err in entering the restitution award.

The relevant facts are uncontested. While intoxicated, defendant drove into the victim's pickup truck, damaging the truck and injuring two people who were in the truck at the time of the collision. Defendant did not remain on the scene to exchange insurance information. For that conduct, defendant pleaded guilty and was convicted of one count of driving under the influence of intoxicants, two counts of fourth-degree assault, and one count of failing to perform the duties of a driver to injured persons.

After defendant pleaded guilty and was sentenced, the state sought restitution for a total of $11,803.50, which included $10,404.80 that the victim's insurer had paid to repair the victim's truck. To support that latter amount, the state submitted the following evidence: (1) the Kelley Blue Book value of the truck, assuming excellent condition ($9,761.00); (2) photographs of the damage to the truck after the collision; (3) a detailed repair estimate from the autobody shop that performed the repairs ($10,904.80); and (4) evidence that the insurer had paid that full amount, less the victim's $500 insurance deductible. The repair estimate provided by the autobody shop prior to the insurance company's authorization to perform the repairs was detailed and included (1) a list of parts necessary to complete the repairs ($6,915.50); (2) paint supplies to touch up the damage to the

truck ($450.00); and (3) labor costs ($3,539.30). The hourly labor rates were further broken down and ranged from $52 per hour for "body" and "paint" labor, to $75 per hour for "mechanical" labor. The estimate was prepared using (1) a third-party publication, the Motor Crash Estimating Guide, to evaluate the damage and cost of repairs; and (2) CCC One Estimating, a software program that allowed the auto-body repair shop to directly order repair parts from local suppliers.

Before the trial court, defendant argued that the state's evidence was insufficient to establish that the amount sought for the repairs was reasonable, as required by the restitution statute, ORS 137.106. The trial court then reviewed that evidence, noting that it had "observed the vehicle and its condition, and its injuries, its damages. And certainly, this is documentation for what you have included in the amount of restitution." Upon evaluating the evidence presented, including the submitted Kelley Blue Book esti-mated value, the trial court found that "[i]t was worth just about what it cost them to fix it."[1] The trial court rejected defendant's argument that additional evidence was neces-sary to establish that the cost of repairs was reasonable, commenting that, "I don't think we need an expert to find that that makes it reasonable *per se*." The trial court then imposed the full amount of restitution sought by the state, including the amount for the repairs paid by the victim's insurer.

Defendant appealed, challenging the $10,404.80 restitution award for the repair costs paid by the victim's insurer. At issue on appeal, and again before this court, was whether the evidence that the victim's insurer had paid the bill was sufficient to establish that the cost of repairs was reasonable. The Court of Appeals noted, correctly, that the

---

[1] We do not understand the trial court's statement that the cost to repair the victim's truck was similar to the Kelley Blue Book value of the truck to reflect a ruling that the repair bill was reasonable as a matter of law based solely on the Blue Book value. Instead, we understand the trial court to have made a factual finding, based on all of the evidence submitted, that the requested repair cost was reasonable. As the trial court noted, defendant did not argue that the truck's value was less than the cost of repairs, and, accordingly, we do not address the question of whether repairs costs are reasonable when they exceed the estimated value of the item.

state bore the burden of presenting affirmative evidence to prove that the cost of repairs was reasonable. *Aguirre-Rodriguez*, 301 Or App at 45. Pointing to its decision in *State v. J. M. E.*, 299 Or App 483, 487, 451 P3d 1018 (2019), that court then explained that, to establish reasonableness, the state's evidence must demonstrate how the paid charges correspond to the relevant market. *Aguirre-Rodriguez*, 301 Or App at 45. The court then concluded that the state's evidence did not "provide any meaningful basis for assessing how those costs correspond to the relevant market" and, accordingly, reversed the trial court's judgment. *Id.* at 46-47.

We allowed the state's petition for review, and, because we conclude that the evidence that the state presented, when considered collectively, was sufficient to support the trial court's determination that the repair cost was reasonable, we reverse the decision of the Court of Appeals and affirm the judgment of the circuit court.

We begin with a general overview of the requirements of the restitution statute, ORS 137.106. Under Oregon law, restitution is to be awarded when a defendant has been convicted of a crime that results in economic damages to the victim and the state has presented evidence of those damages. ORS 137.106(1)(a). If proof of economic damages is established, then the trial court is required to enter a judgment imposing restitution for the amount of those damages. *Id*. According to the statutory definition of "economic damages," that amount must be based on the reasonable costs of repair or replacement of the damaged property. *See* ORS 137.103(2)(a) ("economic damages" in restitution statutes carries same meaning as set out in ORS 31.710, with an exception that does not apply here); ORS 31.710(2)(a) (defining "[e]conomic damages" as including "reasonable costs incurred for repair or for replacement of damaged property").

As a procedural matter, the restitution statute places the burden of establishing the amount of economic damages on the state. *See* ORS 137.106(1)(a) ("When a person is convicted of a crime *** that has resulted in economic damages, the district attorney shall investigate and present to the court *** evidence of the nature and amount of the damages."). The defendant may rebut the evidence presented by

the state and, if desired, present evidence about why the proposed restitution amount should not be imposed—including evidence that the amount of the economic damages is not reasonable. *See State v. Hart*, 329 Or 140, 147, 985 P2d 1260 (1999) (noting that the defendant has an opportunity to object to the state's proposed restitution amount). The court then evaluates the circumstances of the case, determines the amount of economic damages, and enters a judgment that reflects that decision. *See* ORS 137.106 (outlining the procedure for determining the nature and amount of economic damages to be awarded in a restitution proceeding).

On review, neither party disputes that defendant's criminal conduct resulted in economic damages to the victim's truck; rather, the issue is whether the state's evidence was sufficient to support the trial court's finding that the costs of repair were reasonable. We address that question—which we have not previously addressed in the context of the restitution statutes—below. First, however, we consider the other contexts in which this court has previously discussed whether evidence of a paid bill, standing alone, reflects the reasonable costs of the product or service.

In *Farris v. McCracken*, 253 Or 273, 453 P2d 932 (1969), a case dealing with enforcement of a mechanic's lien filed after nonpayment of a disputed contractor's bill, this court considered whether evidence of the contractor's paid bill was sufficient to establish that the costs paid by the contractor were not excessive. In that case, the plaintiff—the lien claimant—presented evidence consisting almost entirely of his own alleged costs without providing any explanation of the basis of the charged amount. *Farris*, 253 Or at 274-75. After examining the claim on *de novo* review, this court concluded that, "[t]o say that the contractor paid a given amount for an item of labor or material, without explanation, does not, of itself, prove that the amount paid was justified." *Id.* at 276.

In this case, the Court of Appeals reasoned that "[t]he fact that a charge is billed, standing alone, says nothing about whether that charge is reasonable" absent "some sense of the relevant market." *Aguirre-Rodriguez*, 301 Or App at 44. That court relied on *Farris*, which, in its view,

"made this [same] point." *Id.* As explained in greater detail below, however, this case does not present the same facts as in *Farris*, because, here, the state presented evidence beyond just the paid repair bill that provided an explanation for the basis of the charges made to restore the victim's truck. Although the proposition in *Farris*—that evidence of payment of a charge, on its own and devoid of explanation, does not establish that the amount charged was reasonable—remains the law, it is inapposite in this case where the state presented more than just an insurer-paid bill.

We turn to the appropriate standard of review. As we understand the position of both parties, the issue of whether the cost of the repairs to the victim's truck was reasonable is a challenge to the sufficiency of evidence. The state contends that evidence of a paid bill is sufficient to support a finding that the amount paid is a reasonable amount for the services provided. Defendant counters that a paid repair bill—standing alone—is never sufficient to establish the reasonableness of repair costs for restitution purposes. We review questions of the sufficiency of the evidence by examining the evidence in the light most favorable to the state, as the party that prevailed in the trial court. *See Anderson v. Sturm*, 209 Or 190, 191, 303 P2d 509 (1956) (stating that "[w]hen the sufficiency of the evidence is thus challenged, the evidence offered must be viewed in a light most favorable to the plaintiff" as the party that had prevailed below). The state bore the burden of proving each of the facts necessary to support the restitution award. *See* ORS 137.106 (placing the burden of presenting "evidence of the nature and amount of the damages" in a restitution award on the state). Because the state prevailed, the issue on review is whether a rational factfinder, accepting all reasonable inferences, could have found the facts necessary to support the award. *Anderson*, 209 Or at 192.

Before addressing the primary dispute between the parties—whether the state's evidence was sufficient to support the trial court's determination that the cost to repair the victim's truck was reasonable—we reiterate the key components of the restitution statute, ORS 137.106. As explained briefly above, a restitution award is statutorily required when three conditions are satisfied: (1) the defendant has

been convicted of criminal activity; (2) economic damages have occurred; and (3) a causal relationship exists between the defendant's criminal activity and the economic damages. *State v. Dillon*, 292 Or 172, 181, 637 P2d 602 (1981); *see also State v. Ramos*, 358 Or 581, 588, 368 P3d 446 (2016) ("The statute requires only that the damages be 'objectively verifiable monetary losses' that 'result from' a defendant's criminal activity."). ORS 137.106(1)(a) specifically provides, in part:

> "When a person is convicted of a crime \*\*\* that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. \*\*\* If the court finds from the evidence presented that a victim suffered economic damages, \*\*\* the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court. \*\*\*"

As noted, pursuant to ORS 137.103(2)(a), "economic damages" in that statute "[h]as the meaning given that term in ORS 31.710," with an exception that does not apply here. ORS 31.710(2)(a), in turn, defines "economic damages" as "objectively verifiable monetary losses," including, but not limited to, "*reasonable* costs incurred for repair or for replacement of damaged property." (Emphasis added.)

When considering whether the state presented sufficient evidence to establish that the cost of repairs was reasonable, we must consider the legal principles that concern the recovery of economic damages in civil cases. *See State v. Islam*, 359 Or 796, 800, 377 P3d 533 (2016) (stating that "restitution under ORS 137.106 is informed by principles enunciated in civil cases concerning recoverable economic damages"). In such cases, Oregon has long followed the principle that market value can be an appropriate measure for the reasonable cost of replacement or repairs. *See Swank v. Elwert*, 55 Or 487, 499, 105 P 901 (1910) (citing case law and treatises supporting the position that the market value represents a reasonable amount of damages); *see also Restatement (Second) of Torts* section 911 comment d

(1979) (stating that "the market that determines the measure of recovery by a person whose goods have been taken, destroyed or detained is that to which he would have to resort to in order to replace the subject matter"). In this case, we agree with both parties that the market rate for services is the appropriate measure of the reasonable costs for those services.

Here, the parties dispute the evidence necessary to establish the market value of repair services. The state argues that evidence of a bill paid by a market participant permits a reasonable inference that the total amount paid was at, or even below, market rate and, therefore, reasonable. In the state's view, that is true particularly so in a case where the payor is a sophisticated party with knowledge of the relevant market, such as an insurance company. Specifically, the state argues that an insurer is in the business of investigating claims to ensure that necessary repairs are competitively priced, citing *State Farm Ins. v. Farmer Ins. Exch.*, 238 Or 285, 290, 387 P2d 825 (1963) (noting that insurers lack economic incentive to expend efforts that would result in the unnecessary payment of losses). According to the state, when an insurer is the entity that pays a bill, it is especially reasonable for a factfinder to infer that the costs were reasonable because of the insurer's particular knowledge of the relevant market and internal incentives to minimize payments.

Defendant does not dispute that the reasonable value of the repairs to the victim's truck can be properly calculated by determining the market value of the repairs. Instead, he argues that evidence of payment of a repair bill by an insurance company, on its own, cannot support an inference that the cost of repairs was reasonable. In defendant's view, a factfinder cannot infer that a bill paid by an insurer reflects a reasonable repair cost without making unsupported assumptions—as he frames it, "speculating"—about either the contents of the insurance policy between the insurer and the policyholder, or the insurer's internal business practices. Defendant contends that the mere fact that an insurance company paid a repair bill provides no basis for assessing how those costs correspond with the relevant

market because the payment of the bill says nothing about *why* the bill was paid.

Defendant is correct that an inference cannot be supported by mere speculation, but, rather, must be reasonable, based on the record. *See State v. Jesse*, 360 Or 584, 597, 385 P3d 1063 (2016) (stating that facts in issue can be established through reasonable inferences, but not through speculation). A reasonable inference is one that a factfinder *could* infer from the facts adduced; it is not an inference that a factfinder is required to draw. *State v. Hedgpeth*, 365 Or 724, 733, 452 P3d 948 (2019). Where the evidence gives rise to multiple reasonable inferences, the choice between those inferences—so long as those inferences are reasonable—is a matter for the factfinder. *Id.* at 732. On review, this court has an obligation to distinguish between inferences that can reasonably be drawn from the evidence presented at trial and those that are based on mere speculation. *Id.* Accordingly, the parties ask that we determine whether an insurer-paid repair bill is evidence from which a factfinder always could draw a reasonable inference that the cost for repairs accurately reflect market value.

In the end, though, it is not necessary for us to decide in this case exactly when, or even if, evidence of a paid repair bill—standing alone—can support an inference that the costs for repair were reasonable for the purposes of the restitution statute. The repair bill here, paid by the victim's insurer, did not stand on its own. Instead, the state presented documentary evidence to accompany the evidence that the victim's insurer had paid the bill: the Kelley Blue Book value, a detailed repair estimate that was produced using third-party materials and sourced parts from local suppliers, and photographs of the damage to the victim's truck after the collision. We discuss that evidence next.

The detailed repair estimate and the photographs of the damage to the truck after the collision were sufficient to permit a reasonable factfinder to infer that the repair costs were a reflection of the relevant market rate and, thus, reasonable. More specifically, the repair estimate was prepared using industry-standard materials designed to source prices directly from the local market and to estimate labor rates

and the price of replacement parts. That estimate, therefore, provided the factfinder with some knowledge of the market rate. Additionally, the photographs documenting the damage sustained in the collision help confirm the severity of the damage and the necessity of certain repairs. Considered together, the repair estimate, prepared using local market rates, and the photographs of the damage to the victim's truck, demonstrate a sufficient nexus to permit the trial court to conclude that the cost of repairs was reasonable.

In light of our determination that the state's cumulative evidence was sufficient to support an inference that the costs of repairs to the victim's truck were reasonable under ORS 137.106, we conclude that the trial court did not err when it imposed the full restitution award that the state requested.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.