Argued and submitted September 2, reversed and remanded for resentencing September 29, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KARL ROBERT JENSEN,
*Defendant-Appellant.*

Washington County Circuit Court
D142313M, 17CR39789, 18CR72208;
A171617 (Control), A171817, A171040

495 P3d 1289

D. Charles Bailey, Jr., Judge.

Francis C. Gieringer, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded for resentencing.

## PER CURIAM

Defendant appeals a judgment of conviction for driving under the influence of intoxicants and second-degree criminal mischief. He assigns error to the imposition of a range of probation conditions that, on their face, do not bear much relationship to his crimes of conviction. Although defendant did not object to the imposition of the conditions, he contends that preservation is excused because the trial court did not make plain in open court what conditions it was imposing. Alternatively, defendant contends that we should review for plain error. The state argues that preservation is not excused and that we should decline to review for plain error.

Regardless of the issues with preservation, at least one of the challenged conditions of probation—requiring defendant to submit to searches by his probation officer regardless of whether the officer has reasonable grounds for the search—is invalid and plainly erroneous. *State v. Meyer*, 313 Or App 611, 614-15, 496 P3d 1117 (2021); *State v. Tharp*, 311 Or App 715, 724, 489 P3d 1119 (2021); *State v. Schwab*, 95 Or App 593, 596-97, 771 P2d 277 (1989). Although the state argues otherwise, we conclude that the trial court's error in imposing a plainly unlawful condition of probation is a grave one because of the legally impermissible infringement on defendant's privacy that it authorizes. We therefore exercise our discretion to correct it. This obviates the need to address the other challenged conditions of probation because the remedy for this error is to reverse and remand for resentencing. *See Tharp*, 311 Or App at 725. On remand, the court can take up any challenges that defendant has to any of the other conditions of probation, should the court reimpose those conditions on remand.

Reversed and remanded for resentencing.