***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted June 21, affirmed October 5, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

IZAK KYLE RIOS,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR56336; A174979

Benjamin S. Johnston, Judge pro tempore.

Bruce A. Myers, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a supplemental judgment that imposed a restitution award. After striking the victim's commercial van and leaving the scene, defendant pleaded guilty to failure to perform the duties of a driver when property is damaged, ORS 811.700. The trial court awarded restitution of $15,461.92 for the victim's van repair and towing charge. On appeal, defendant raises one assignment of error challenging the restitution award. For the reasons below, we affirm the supplemental judgment.

Defendant contends that the state did not present sufficient evidence to establish that the restitution award was reasonable. Accordingly, we "examin[e] the evidence in the light most favorable to the state, as the party that prevailed in the trial court." *State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021). "Because the state prevailed, the issue on review is whether a rational factfinder, accepting all reasonable inferences, could have found the facts necessary to support the award." *Id.*

A trial court must award restitution when "a defendant has been convicted of a crime that results in economic damages to the victim and the state has presented evidence of those damages." *Id.* at 618; ORS 137.106(1)(a). Economic damages are "objectively verifiable monetary losses" that include "reasonable costs incurred for repair or for replacement of damaged property." ORS 31.705(2)(a). Market value can be an appropriate measure for the reasonable cost of repairs. *Aguirre-Rodriguez*, 367 Or at 621; *State v. Tharp*, 311 Or App 715, 720, 489 P3d 1119 (2021). "[A]lthough reasonable market value cannot be established by mere speculation, it can be established through reasonable inferences that a factfinder could, but is not required to, draw from the facts adduced." *Tharp*, 311 Or App at 720-21 (citing *Aguirre-Rodriguez*, 367 Or at 623).

*Repair Cost*

Defendant contends that the state did not establish that the van repair cost was reasonable. A detailed repair estimate coupled with photos of vehicle damage can prove that repair costs are reasonable. *Aguirre-Rodriguez*,

367 Or at 623-24. ("[T]he repair estimate, prepared using local market rates, and the photographs of the damage to the victim's truck, demonstrate a sufficient nexus to permit the trial court to conclude that the cost of repairs was reasonable."). Likewise, a detailed estimate, the inference that labor costs are based on local rates, and a factfinder's ability "to assess the damage for itself and compare that to the estimated repair costs" allow a trial court to conclude an estimate is reasonable. *Tharp*, 311 Or App at 723.

Here, a rational factfinder could find that the repair cost was reasonable. At the restitution hearing, the victim's safety compliance administrator testified about the repair estimate, final repair cost, and towing charges, and the state introduced a written estimate for the repairs. Although a more detailed estimate would have made the factfinder's evaluation easier, the repair estimate, which referenced third-party software and included information about the replacement parts, types of supplies and labor, and corresponding hourly rates, was sufficient under our caselaw. In addition, defendant entered photographs of the damaged van into evidence and the safety compliance administrator testified that the victim is self-insured and owns more than 150 vans in the area. Considering all the evidence, a rational factfinder could infer that the victim had experience obtaining repair services at market rates and did so here. Accordingly, the state presented evidence from which a factfinder could conclude that the repair cost was reasonable.

In the alternative, defendant contends that even if we conclude that the repair estimate was reasonable, the state did not prove that the final repair cost was reasonable. We disagree. A victim is entitled to "the full amount of the victim's economic damages as determined by the court." ORS 137.106(1)(a). The trial court viewed photographs of the damaged van, considered the estimate which totaled $14,945.31, and heard testimony that the final repairs cost $15,262.94. That evidence is sufficient for a factfinder to infer that the difference between the repair estimate and final cost was reasonable.

*Towing Charge*

Defendant also argues that the towing charge was not necessary. At the restitution hearing, the victim's safety compliance administrator testified that the van could not be driven after the collision. That testimony and the evidence discussed above allow a rational factfinder to find that the victim necessarily incurred the towing charge.

The trial court did not err when it awarded $15,461.92 for the victim's van repairs and towing charge. The judgment of the trial court is affirmed.

Affirmed.