***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted August 23, 2022; portion of supplemental judgment awarding restitution to Esurance reversed, remanded for resentencing, otherwise affirmed February 1, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

COLETON ROSS BURNS,
*Defendant-Appellant.*

Washington County Circuit Court
20CR32425; A175048

Janelle F. Wipper, Judge.

Erik M. Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Portion of supplemental judgment awarding restitution to Esurance reversed; remanded for resentencing; otherwise affirmed.

**SHORR, P. J.**

Defendant was convicted following a guilty plea of one count of failure to perform the duties of a driver when property is damaged, ORS 811.700, after he crashed his car into the victim's 1997 Subaru Impreza and continued driving. The trial court ordered defendant to pay $2,784 in restitution to Esurance, the victim's insurer, for the amount that it paid to the victim as replacement value after it "total[ed] out" the Subaru.[1] On appeal, defendant assigns error to that restitution award. As explained below, we agree with defendant that the state did not present sufficient evidence to establish that the restitution award to Esurance was reasonable. We, therefore, reverse the portion of the supplemental judgment awarding restitution to Esurance, remand for resentencing, and otherwise affirm.

When a defendant has been convicted of a crime that results in economic damages to the victim and proof of those economic damages is established, the trial court is required to impose restitution for the amount of those damages. *State v. Aguirre-Rodriguez*, 367 Or 614, 618, 482 P3d 62 (2021); ORS 137.106(1)(a).[2] Economic damages are "objectively verifiable money losses" that include "reasonable costs incurred for repair or for replacement of damaged property." ORS 137.103(2)(a); ORS 31.705(2)(a).[3] The state bears the burden of proving the facts necessary to support a restitution award. *Aguirre-Rodriguez*, 367 Or at 620; ORS 137.106. When, as here, the challenge is to the sufficiency of the evidence to support the trial court's finding that a restitution award was reasonable, we examine the evidence in the light most favorable to the state, accepting all reasonable inferences. *Aguirre-Rodriguez*, 367 Or at 620.

---

[1] The court also ordered defendant to pay $200 in restitution to the victim for the cost of his insurance deductible. Defendant does not challenge that award.

[2] The 2022 Legislative Assembly amended ORS 137.106, effective January 1, 2023. Or Laws 2022, ch 57, § 1. Our references to ORS 137.106 in this opinion are to the 2019 version of the statute.

[3] Although the statutes governing the definition of economic damages for purposes of restitution were amended after the events giving rise to this case, *see* Or Laws 2021, ch 478, §§ 3, 9, we refer to the current versions here because the pertinent language was not altered nor do the amendments otherwise affect our analysis.

The extent of the state's evidence at the restitution hearing regarding the reasonableness of the restitution award to Esurance was the testimony of Erika Kirkman of Paragon Subrogation, who worked with subrogation on behalf of Esurance. She testified that Esurance inspected the vehicle after the accident by

> "hav[ing] an appraiser go out and take a look at the vehicle, write up an estimate, take photos of the damage of the vehicle, and determine if the vehicle is going to be repairable or if it is going to be a total loss. The damage on the vehicle itself was just a preliminary estimate. It was about $2,800-$2,900."

According to Kirkman, Esurance determined that the damage to the Subaru exceeded its value and "total[ed] out" the car. As a result, Esurance paid the victim $2,784 for the value of the car. Kirkman stated that Esurance's valuation of the Subaru was based on them "read[ing] evaluation of vehicles at or closest to the time of the actual loss," and "based on the value of vehicles in the surrounding areas."[4] Based on that testimony alone, the trial court found that it was reasonable to order restitution to Esurance in the amount of $2,784 for the money that it paid to the victim.

We conclude that the evidence was insufficient to support the trial court's finding that the restitution award was reasonable. Because the car's replacement value was tied to the cost of repairs,[5] we focus on the reasonableness of the latter. As noted, the only evidence in the record as to the cost of repairs was Kirkman's testimony that an appraiser looked at the car, took photos of the damage, and estimated—preliminarily—that the cost to repair the car was between $2,800 and $2,900, which was more than the value of the car. That is insufficient for a reasonable factfinder to find that the costs of repair, and, in turn, the replacement cost of the car, was reasonable. *Cf. Aguirre-Rodriguez*, 367 Or at 623 (detailed repair estimate—prepared using local market rates—coupled with photographs showing the damage to the victim's truck after the accident "were sufficient to permit

---

[4] There were no photographs or other documentation introduced to further explain or support Kirkman's testimony.

[5] The decision to total the car was based on the cost of repairs as compared to its value.

a reasonable factfinder to infer that the repair costs were a reflection of the relevant market rate and, thus, reasonable"); *State v. Tharp*, 311 Or App 715, 721, 722-23, 489 P3d 1119 (2021) (repair costs reasonable where based on "a detailed repair estimate that had a line-item breakdown of the time required for various repairs, the hourly labor cost for those repairs, and the cost of the parts that needed replacement"; the estimate used industry software to determine rates; the record allowed for an inference that labor costs were based on local rates; and the factfinder was able to assess the damage for itself and compare that to the estimated repair costs). None of those measures are inferable here.

Kirkman's additional testimony that Esurance's $2,784 replacement value was based on "read[ing] evaluation of vehicles at or closest to the time of the actual loss" and "the value of vehicles in the surrounding areas" is so devoid of detail that it essentially adds nothing to the analysis. Without impermissible speculation, the evidence in this case falls short of what is required to support a determination that the restitution award to Esurance was reasonable.

That is not to say that a preliminary estimate obtained in the process of assessing whether the cost of repairing damage to a vehicle exceeds its value could never be sufficient to support a restitution award for the replacement cost of the vehicle. In this case, we hold only that— in the absence of *any* description or documentation of the damage to the car, photographs, itemized cost of repair, or even the estimate itself—Kirkman's sparse testimony concerning the preliminary estimate and valuation process was insufficient to allow the court to find that the replacement cost of the Subaru was reasonable. "[E]vidence of payment of a charge, on its own and devoid of explanation, does not establish that the amount charged was reasonable." *Aguirre-Rodriguez*, 367 Or at 620; *see Tharp*, 311 Or App at 720 (same). On this record, we conclude that a reasonable factfinder could not find "the facts necessary to support the award." *Aguirre-Rodriguez*, 367 Or at 620.

Portion of supplemental judgment awarding restitution to Esurance reversed; remanded for resentencing; otherwise affirmed.