***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted April 11, 2022, affirmed March 15, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHELSEA AMBER HALLETT,
*Defendant-Appellant.*

Deschutes County Circuit Court
17CR11790; A173560

Beth M. Bagley, Judge. (Judgment July 1, 2020)

Stephen P. Forte, Senior Judge. (Judgment February 7, 2020)

Joel C. Duran, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Nicholas C. Greenfield, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

POWERS, P. J.

Affirmed.

**POWERS, P. J.**

In this criminal appeal, defendant challenges the amount of restitution awarded by the trial court after she pleaded no contest to one count of theft in the first degree by receiving, ORS 164.055, for her involvement in a burglary of the victims' home. In a single assignment of error, defendant asserts that the court erred in two respects when it ordered her to pay $107,039.89 in restitution to the victims. First, defendant argues that, because the scope of her no contest plea and the stipulations at the restitution hearing limited her criminal activities to the receipt of specified items, the trial court erred in awarding restitution beyond those specific items. Second, defendant contends that the state failed to adduce sufficient evidence to prove that her criminal activities caused the victims' economic damages. As explained below, we conclude that the first argument was not preserved because defendant's objection was not made with sufficient particularity and further determine that, under our standard of review, there is sufficient evidence in the record to support a conclusion that defendant's actions are a but-for cause of the victims' damages. Accordingly, we affirm.

Because the parties are familiar with the facts of the case as we view them under our standard of review, we do not provide a recitation for this nonprecedential memorandum disposition. First, we conclude that defendant did not preserve her contention that her plea and the stipulations at the restitution hearing limited her criminal activities in a way that allowed the state and the trial court to consider a challenge to the court's legal authority and respond immediately if any correction was warranted. *See, e.g.*, *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (outlining the preservation requirements); *State v. Walker*, 350 Or 540, 552, 258 P3d 1228 (2011) (explaining that one of the purposes of the preservation requirement is to ensure that the opposing party and the trial court were given enough information "to be able to understand the contention and to fairly respond to it"). We understand defendant's argument on appeal to be that the trial court exceeded its legal authority under ORS 137.106 by imposing restitution

for pecuniary damages arising out of criminal activity for which she was not convicted and which she did not admit. At the restitution hearing, however, defendant neither challenged the court's legal authority to consider the totality of her involvement nor objected to the state's assertion in its trial memorandum that "her restitution obligation will be determined by the court based on the totality of her involvement in this case, notwithstanding her [no contest] plea is to only that charge [(first-degree theft)]." Instead, defendant presented a fact-based argument concerning the economic damages for which she could be held responsible, which did not preserve the argument that she now advances on appeal. *See, e.g., State v. Reyes-Castro*, 320 Or App 220, 230-31, 511 P3d 1115, *rev den*, 370 Or 472 (2022) (rejecting the defendant's argument on appeal on preservation grounds because the argument before the trial court was a fact-based argument, which was distinct from the argument on appeal that was focused on the legal insufficiency); *State v. Ixcolin-Otzoy*, 288 Or App 103, 110, 406 P3d 100 (2017), *rev den*, 362 Or 699 (2018) (rejecting a restitution challenge on preservation grounds because of the shift in argument). Moreover, defendant does not ask us to review for plain error. Accordingly, defendant's first contention is unpreserved and therefore does not provide a basis for reversal.

Second, we reject defendant's challenge to the sufficiency of the state's evidence of causation. ORS 137.106 requires a trial court to award restitution if the state produces sufficient evidence of "(1) criminal activities, (2) economic damages, and (3) a causal relationship between the two." *State v. Smith*, 291 Or App 785, 788, 420 P3d 644 (2018) (citation omitted). We review a restitution order for errors of law and are bound by the trial court's factual findings if there is any evidence in the record to support them. *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614, *rev den*, 360 Or 423 (2016). In so doing, we examine the evidence in the light most favorable to the state and determine whether a rational factfinder, accepting all reasonable inferences, could have found the facts necessary to support the award. *State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021).

ORS 137.106 requires that a defendant's criminal activities "be a 'but-for' cause of the victim's damages." *State v. Lobue*, 304 Or App 13, 15, 466 P3d 83, *rev den*, 367 Or 257, 475 P3d 882 (2020); *see also State v. Andrews*, 366 Or 65, 76, 456 P3d 261 (2020) (explaining that ORS 137.106(1)(a) permits an award of restitution only if "a trial court can determine, from the record and the defendant's conviction, that the defendant committed the act that resulted in the victim's damages"). On appeal, defendant asserts that the state did not present sufficient evidence to prove that defendant's criminal activities caused the victims' economic damages. Specifically, defendant contends that "there is simply nothing in the record that causally connects defendant to all of the missing property that the [victims] claimed economic damages for."

Viewing the evidence in a light most favorable to the state, we conclude that there is sufficient evidence that defendant's actions are a but-for cause of the victims' damages. The record supports a finding that defendant entered the victims' home during the multiday crime without permission; offered codefendants advice about breaking into the large safe, which enabled access to the bulk of the stolen property; allowed a codefendant to bring the small safe into her home and break into it while there; and offered a marketplace and economic incentive for codefendants to steal more property from the victims' home. Accordingly, the trial court did not err when it ordered defendant to pay $107,039.89 in restitution.

Affirmed.