No. 287          May 1, 2024          419

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICARDO LEWIS LAWRENCE,
*Defendant-Appellant.*

Washington County Circuit Court
20CR37524, 21CR18877; A179227 (Control), A179228

Erik M. Bucher, Judge.

Submitted January 22, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

POWERS, J.

Remanded for resentencing; otherwise affirmed.

**POWERS, J.**

In this consolidated criminal appeal, defendant challenges the trial court's imposition of restitution in two separate cases. Defendant, who was a mechanic that sold vehicles that the victims paid him to repair, pleaded guilty to three counts of unauthorized use of a vehicle, ORS 164.135. On appeal, he advances three assignments of error. In his first two assignments of error, defendant argues that the trial court erred in imposing restitution because there was insufficient evidence to support the court's determination. In his third assignment of error, defendant contends that the trial court erred by imposing in both cases special conditions of probation relating to defendant's finances because, among other arguments, it did not do so in open court. As explained below, we remand for resentencing on that issue and otherwise affirm.

In reviewing a challenge to the imposition of restitution, we view the facts and reasonable inferences in the light most favorable to the state and determine, when so viewed, whether a rational factfinder could have found the facts necessary to support the award. *State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021). Because the parties are familiar with the underlying procedural and factual background, we do not provide a detailed recitation for this nonprecedential memorandum opinion.

We concluded, after reviewing the parties' arguments and the record, that there is sufficient evidence to support the court's restitution determinations of $4,000 and $4,995. The state presented evidence surrounding the value of both vehicles, including: The Kelley Blue Book value for each vehicle; a variable commission that defendant could have earned depending on the price that the Pathfinder sold for; and the price the victim paid for the Mustang about a month before taking it to defendant to be repaired. Although the Blue Book values were based on running vehicles, rather than a vehicle that "shut[s] off intermittently" or a vehicle that did not have a working transmission, there was sufficient other evidence for the trial court to consider along with those Blue Book values to determine the reasonable amount

of economic damages each victim sustained. Accordingly, we reject defendant's first two assignments of error.

Turning to the third assignment of error, the state concedes that the trial court erred by not pronouncing the special conditions in defendant's presence, and we accept that concession. *See State v. Jacobs*, 200 Or App 665, 671-74, 117 P3d 290 (2005) (explaining that a defendant has a right to be present when the court pronounces the sentence). We further conclude that the court's error is not harmless. *Id*. Accordingly, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.